# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEANDRA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-02346-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| UNITED STATES OF AMERICA, ) | |
| CHARLES SAMUELS, EDNA PRINCE, ) | |
| F. CABANERO, SHARONDA DOBBINS- ) | |
| BRANCH, DUSTIN BOWDEN, FRANK ) | |
| HARGROVE, SHEENA BAILEY, MARK ) | |
| S. INCH, and CYNTHIA GAIA, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants move to dismiss Plaintiff's Amended Complaint or, in the alternative, for a grant of summary judgment. (ECF No. 55.) Plaintiff responded and also moved for summary judgment.[1] (ECF No. 62.) For the reasons explained below, Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

## BACKGROUND

Plaintiff's suit arises out of the allegedly insufficient medical care he received while incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). In particular, Plaintiff asserts in his Amended Complaint that Defendants denied

---

[1] Also, as part of his Response, Plaintiff moved for leave to file excess pages and Defendants did not respond. The Court has considered the entirety of Plaintiff's Response so his Motion for Leave to File Excess Pages is GRANTED.

him adequate medical care after he suffered a stroke in April 2012. (ECF No. 29-1 at PageID 185.) Plaintiff claims that he had slurred speech, he was experiencing numbness and tingling throughout his body, and he was disoriented during this time. (*Id*.) Plaintiff's unit officer, Mr. Miller, observed Plaintiff's condition and immediately took him to the medical department. (*Id*.) Nurse Sharonda Dobbins-Branch ("Defendant Branch") examined Plaintiff by taking his blood pressure. (*Id*.) She allegedly told him that he was not suffering a stroke or a heart attack and that she would order an x-ray of his hands and spine to determine the cause of his sensations. (*Id*.) Plaintiff then went back to his unit. (*Id*.)

Plaintiff's condition did not improve. He alleges that the facility staff denied him medical care throughout his time at FCI Memphis, but he also asserts that Defendants Prince, Branch, and Gaia evaluated him medically during this time. (ECF No. 29-1 at PageID 186.) In any event, Plaintiff claims he was denied additional testing and pain medication to deal with his "constant" and "severe pain" that prevented him from sleeping. (*Id*.)

Around seven weeks later, an optometrist evaluated Plaintiff as part of his routine clinical treatment for hypertension. (*Id*.) The optometrist allegedly informed Plaintiff that "she (the optometrist) discovered symptoms indicating that he was suffering from a serious medical condition." (*Id*.) During his follow-up appointment with Defendant Prince, Plaintiff allegedly learned that the optometrist had observed signs of carotid artery disease and that she recommended a Doppler ultrasound exam for Plaintiff. (*Id*.) Even so, Defendant Prince allegedly refused to run tests to determine whether he had suffered a stroke although he was still experiencing numbness and tingling. (*Id*.)

Sometime later, a cardiothoracic surgeon examined Plaintiff and performed an arteriogram to check for stenosis of Plaintiff's blood vessels. (ECF No. 29-1 at PageID 187.)

Despite the cardiothoracic surgeon allegedly finding evidence of significant carotid artery stenosis, Defendant Prince informed Plaintiff that he was physically fit with no sign of atrophy or deficits. (*Id.*) Plaintiff's condition then allegedly continued to deteriorate. He asserts that he suffered from neurological and skeletal conditions that Defendants left untreated by Defendants despite repeated requests for assistance. (*See id.* at PageID 190.)

Plaintiff sued for negligence and violations of his constitutional rights. (*Id.* at PageID 217.) He requests injunctive relief and compensatory and punitive damages to remedy his harm. (*Id.* at PageID 218–19.) Defendant now moves to dismiss the complaint or, in the alternative, for summary judgment on Plaintiff's claims. (ECF No. 55.) Plaintiff responded. (ECF No. 62.) The Motion is now ripe.

## **LEGAL STANDARD**

### I. Standard to Convert a Rule 12(b)(6) Motion to one for Summary Judgment

Defendants moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 55.) Defendants have attached affidavits and exhibits to the Motion that are outside the scope of the pleadings. (*See* ECF Nos. 52-3, 52-4, & 52-5.) "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1106 (6th Cir. 2010). Additional notice is not required when the non-moving party has notice that the motion may be converted into one for summary judgment and the non-moving party has enough time to produce evidence to refute the moving party's evidence. *See Wysocki*, 607 F.3d at 1106.

## II. Summary Judgment Standard

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, [a] court construes all reasonable inferences in favor of the nonmoving party." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). As for the burden of proof, "[t]he moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A moving party can support its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* (quoting *Celotex*, 477 U.S. at 325.)

What is a genuine issue of material fact? "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012). "A *genuine* issue for trial exists where reasonable minds could differ on a material fact." *Henschel v. Clare Cty. Rd. Comm'n*, 737 F.3d 1017, 1022 (6th Cir. 2013) (emphasis added). There must be more than "some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is not 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita*, 475 U.S. at 586–87).

To show that a fact "cannot be or is genuinely disputed," each party must cite "particular parts of materials in the record" or show that the materials cited by other party do not establish the presence or absence of a genuine factual dispute. Fed. R. Civ. P. 56(c)(1);

*see also Bruederle*, 687 F.3d at 776. Simply put, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In other words, "the district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Pharos Capital Partners, L.P. v. Deloitte & Touche*, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008), *abrogation recognized by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015)).

The burden of proof can shift to the nonmoving party. "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Mosholder*, 679 F.3d at 448–49; *see also* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. Rule 56(e) "requires the nonmoving party [who will bear the burden of proof at trial] to go beyond the pleadings" to show the existence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 324. Conclusory allegations, unsupported by specific evidence, cannot establish a genuine factual dispute sufficient to defeat a motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990); *see also* Fed. R. Civ. P. 56(e).

## ANALYSIS

Plaintiff brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Defendants move to dismiss the Amended Complaint, or in the alternative for summary judgment, arguing: (1) that Plaintiff's non-*Bivens* claims are barred under the Prison Litigation Reform Act ("PLRA") for failing to exhaust the available administrative remedies; (2) that Defendants Bailey, Gaia, and Hargrove are immune from suit; (3) that Plaintiff fails

5

to assert a cognizable claim against Defendant Inch;[2] and (4) that Plaintiff's *Bivens* claims are time-barred. (*See* ECF No. 55.) The Motion also states that Plaintiff has not served some Defendants[3] properly. Plaintiff responded by objecting to Defendants' exhibits and by serving a cross-motion for summary judgment. (*See* ECF No. 62.)

To begin with, the Court reviews Defendants' Motion as one for summary judgment because the Court considers matters submitted by Defendants outside the scope of the pleadings. *See* Fed. R. Civ. P. 12(d); *Wysocki*, 607 F.3d at 1106. In particular, the Court reviews Defendants' affidavits and Plaintiff's administrative complaints record. (*See* ECF Nos. 52-3, 52-4, & 52-5.) Additional notice by the Court is not required here because this evidence deals with the threshold issue of whether Plaintiff exhausted his administrative remedies—as required by the PLRA—and Plaintiff should have known that Defendants would submit this evidence. *See Wysocki*, 607 F.3d at 1106. And he had plenty of time to respond. So the Court addresses Defendants' motion under Federal Rule of Civil Procedure 56.

## I. Failure to Exhaust Administrative Remedies

Plaintiff asserts several claims under the FTCA for medical malpractice, civil conspiracy, and negligence. (ECF No. 2901 at PageID 179.) He also claims violations of his constitutional rights under *Bivens*. (*Id*.) Defendants counter that Plaintiff has failed to exhaust the administrative remedies for his claims, and thus he is not entitled to bring these

---

[2] Defendant Inch was the Director of the Federal Bureau of Prisons. The current Director is Hugh J. Hurwitz. As a result, the Clerk is DIRECTED to substitute Hugh J. Hurwitz for Mark S. Inch.
[3] Plaintiff did not properly serve Defendants Prince, Cabanero, Dobbins-Branch, and Bowden. Plaintiff served Defendant Gaia following Defendants' Motion. (ECF No. 164.)

claims against Defendants because of the PLRA's exhaustion requirements. (ECF No. 55 at PageID 293–96.)

### A.      Administrative Remedy Exhaustion Requirements

The PLRA requires prisoners to first exhaust their administrative remedies before suing under § 1983 or any other federal law. 42 U.S.C. § 1997e(a).[4] This includes claims filed under *Bivens*. *See Risher v. Lappin*, 639 F.3d 236 (6th Cir. 2011). "[E]xhaustion in cases covered by § 1997e(a) is now mandatory.  All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal citations and quotation marks removed). Section 1997e(a)'s exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. at 532.

"[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Arflack v. Cty. of Henderson*, 412 F. App'x 829, 831 (6th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Instead, a defendant "has the burden to plead and prove by a preponderance of the evidence" that the prisoner did not exhaust the available administrative remedies. *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox*, 851 F.3d at 590 (quoting

---

[4] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

7

*Jones*, 549 U.S. at 217–19). The complaint is subject to dismissal if a defendant pleads and proves that a plaintiff has failed to exhaust his administrative remedies. *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (quoting *Jones*, 549 U.S. at 215).

B. **Plaintiff's Failure to Exhaust His Administrative Remedies**

Defendants argue that the Federal Bureau of Prisons ("FBOP") has established a three-step administrative remedy procedure under 28 C.F.R. §§ 542.10 *et seq.*, through which an inmate can seek formal review "of an issue or complaint related to his confinement." (ECF No. 55 at PageID 295.) This includes lodging a complaint with the warden, the Regional Director, and the FBOP Office of General Counsel. *See* 28 C.F.R. §§ 542.14(a) & 542.15(a). An inmate must have filed a complaint at each level to exhaust his administrative remedies. *See* 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")

Defendants submitted the affidavit of Howard Williams, Legal Assistant at the Mid-Atlantic Regional Office of the FBOP, stating that "Plaintiff filed ten (10) administrative complaints while he was designated to FCI Memphis alleging complaints regarding his medical care." (ECF No. 52-3 at PageID 280.) Mr. Williams also states that Plaintiff has not exhausted his administrative remedies on those ten complaints. (*Id.*) Also attached is the SENTRY computerized Administrative Remedy Generalized Retrieval for Plaintiff showing that none of the complaints have been exhausted. (ECF No. 52-5 at PageID 284.)

Plaintiff argues that the failure to exhaust administrative remedies must be "clear from the face of the complaint" to dismiss the complaint on this ground. (ECF No. 62-1 at PageID 326.) This is not true. It is the defendant who must "plead and prove by a preponderance of the evidence" that the plaintiff failed to exhaust the available administrative remedies. *See*

8

*Lee*, 789 F.3d at 677.  Defendants have met this burden.  The Sixth Circuit also "requires an inmate to make 'affirmative efforts to comply with the administrative procedures'" required by the institution.  *Risher*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 224–25 (6th Cir. 2011)).  Plaintiff alleges that the FBOP rejected many of his administrative claims for failing to adhere to the filing requirements.  (ECF No. 29-2 at PageID 179–81.)  Plaintiff, therefore, failed to demonstrate that he made an "affirmative effort[] to comply with administrative procedures."  As a result, Defendants' Motion for Summary Judgment is GRANTED.

**II.     Immunity from Suit**

Defendants also argue that Bailey, Gaia, and Hargrove are members of the United States Public Health Service and are thus entitled to immunity.  (ECF No. 55 at PageID 298.)  The Court declines to address this issue because Plaintiff's claims have been dismissed.

**III.    Failure to State a Cognizable Claim Against Defendant Hurwitz**

Defendants next state that Defendant Hurwitz is not liable under *Bivens* because the Amended Complaint fails to make plead any allegations that Defendant Hurwitz was personally involved in the alleged harm suffered by Plaintiff.  (ECF No. 55 at PageID 300–01.)  Plaintiff concedes that he "recognizes that <u>Bivens</u> and Tort liability cannot attach to Defendant Inch/Hurwitz through respondeat superior.  [Plaintiff] therefore seeks leave to withdraw his claims against Defendant Inch/Hurwitz."  ECF No. 62-1 at PageID 325.)  The Court therefore DISMISSES the claims against Defendants Inch and Hurwitz on this added ground.

### IV. Statute of Limitations on Plaintiff's Constitutional Claims Under *Bivens*

Lastly, Defendants argue that Plaintiff's constitutional claims under *Bivens* are time-barred. (ECF No. 55 at PageID 302.) This Court will not address this argument because the Court has dismissed the claims already.

## APPELLATE ISSUES

Under 28 U.S.C. §1915(a)(3), the Court must consider whether an appeal by Plaintiff here would be taken in good faith. The good-faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not baseless. *Id.* The same considerations that lead the Court to dismiss this case on summary judgment also compel the conclusion that an appeal would not be taken in good faith.

As a result, this Court CERTIFIES, under 28 U.S.C. §1915(a)(3), that any appeal here by Plaintiff would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent-prisoner plaintiff's ability to capitalize on the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the Prison Reform Litigation Act, 28 U.S.C. § 1915(a)–(b).

If Plaintiff wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust

account for the six months immediately preceding the filing of the notice of appeal with the Sixth Circuit Court of Appeals within thirty (30) days of the entry of this Order. *See* Fed. R. App. P. 24(a)(5).

## **CONCLUSION**

For these reasons, Defendants' Motion for Summary Judgment is GRANTED. And Plaintiff's Motion for Summary Judgment is DENIED because he failed to exhaust his administrative remedies on his claims.

**SO ORDERED**, this 26th day of March, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE
