# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEANDRA GRAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> CHARLES SAMUELS, EDNA PRINCE, ) <br> F. CABANERO, SHARONDA DOBBINS- ) <br> BRANCH, DUSTIN BOWDEN, FRANK ) <br> HARGROVE, SHEENA BAILEY, MARK ) <br> S. INCH, and CYNTHIA GAIA, ) <br> ) <br> Defendants. ) | No. 2:17-cv-02346-TLP-tmp <br><br> JURY DEMAND |

## ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendants Prince, Cabanero, Dobbins-Branch, and Bowden. (ECF Nos. 61 & 63.) Service of process was returned unexecuted on these defendants. (*See* ECF Nos. 21, 23, 24, & 28.) The unexecuted proof of service for each of these defendants states that they no longer work for the Federal Correctional Institution at Memphis, Tennessee ("FCI Memphis"). (*Id.*) Plaintiff's belief that these defendants were properly served seems to come from the fact that the docket was mislabeled when the summons were returned unexecuted.[1]

A federal court lacks the power to adjudicate claims against a defendant located outside of the personal jurisdiction of the court. *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019).

---

[1] The docket sheet states that the summons were returned executed. (*See* ECF Nos. 21, 23, 24, & 28.) However, the actual filings show that they were returned unexecuted. (*See id.*)

"In the absence of 'proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.'" *Id.* (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). And "actual knowledge" of a lawsuit does not cure defective service of process. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir. 1991). The Court, therefore, may not enter default judgment against these unserved defendants. Regardless, the Court has previously dismissed Plaintiff's complaint for failing to exhaust his administrative remedies. (*See* ECF No. 66.)

Plaintiff's Motions for Default Judgment are DENIED.

**SO ORDERED**, this 27th day of March, 2019.

                                      s/Thomas L. Parker
                                      THOMAS L. PARKER
                                      UNITED STATES DISTRICT JUDGE