IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEANDREA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-02346-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO APPOINT COUNSEL WITHIN THIRTY DAYS
AND DENYING MOTION TO LIFT STAY**

Plaintiff DeAndrea Gray brings *Bivens* and Federal Tort Claims Act ("FTCA") claims against Defendants United States of America, Edna Prince, F. Cabanero, Sharonda Dobbins Branch, and Dustin Bowden.[1] (ECF No. 29-1 at PageID 178–79.) In January 2021, Plaintiff moved for appointment of counsel. (ECF No. 79.) And the Court granted the motion. (ECF No. 81 at PageID 771–72.) Since then, Defendant Bowden has moved to dismiss the complaint for lack of jurisdiction. (ECF No. 88.) Plaintiff moved to extend his time to respond until the Clerk could engage counsel to represent him. (ECF No. 98.) And the Court granted the motion. (ECF No. 99.) Plaintiff now moves to appoint counsel within thirty days and to lift the stay of proceedings. (ECF No. 100.) For the reasons below, the Court **DENIES** Plaintiff's motions.

---

[1] Plaintiff also sued the Director of the Bureau of Prisons, Hugh Hurwitz, and members of the U.S. Public Health Service ("PHS"), Sheena Bailey, Cynthia Gaia, and Frank Hargrove ("PHS Defendants"). This Court dismissed Defendant Hurwitz in its order on Defendants' first motion to dismiss. (ECF No. 66 at PageID 434.) The Sixth Circuit affirmed. (ECF No. 74 at PageID 461.) And this Court dismissed the PHS Defendants in its order on Defendants' second motion to dismiss, which alternatively sought summary judgment. (ECF No. 81 at PageID 771–72.)

Since the Court directed the Clerk to engage counsel to represent Plaintiff, both the Court and the Clerk have been working to obtain counsel willing to represent Plaintiff. But the process for obtaining counsel to represent indigent litigants in civil cases is different from criminal cases, where defendants have a constitutional right to counsel. *See United States v. Bryant*, 579 U.S. 140, 149 (2016) ("The Sixth Amendment to the U.S. Constitution guarantees a criminal defendant in state or federal court 'the Assistance of Counsel for his defence.'" (citing *Gideon v. Wainwright*, 372 U.S. 335, 339 (1963))). In criminal cases, this Court appoints counsel to represent defendants under the district's Criminal Justice Act Plan. *See* 18 U.S.C. § 3006A; Fed. R. Crim. P. 44. For criminal defendants who qualify under that plan, the Court appoints counsel from either the Office of the Federal Public Defender or from the Criminal Justice Act Panel.[2] *See* LR 72.1(b)(4).

In civil cases, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). And in this case, the Court has directed the Clerk to engage counsel to represent Plaintiff under § 1915(e)(1). (ECF No. 81 at PageID 771.) But "[w]hile the statute permits a court to exercise its discretion to seek the appointment of counsel for an indigent person, civil litigants have no constitutional right to the appointment of counsel at government expense." *Luis v. Zang*, No. 1:12-cv-629, 2017 WL 432838, at *2 (S.D. Ohio Feb. 1, 2017) (citing *Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988)); *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("[T]he appointment of counsel in a civil proceeding is not a constitutional right."). Because § 1915(e)(1) authorizes the Court only to "request" that an attorney represent an indigent litigant, the Court "has no power to appoint counsel unless counsel is also willing to serve." *Luis*, 2017 WL 432838, at *2 (citing *Mallard v. United States District*

---

[2] *See* https://www.tnwd.uscourts.gov/pdf/content/CriminalJusticeActPlan.pdf.

*Court*, 490 U.S. 296 (1989)). Indeed, that statute does not "license compulsory appointments of counsel" but "merely empowers a court to request an attorney to represent a litigant." *Mallard*, 490 U.S. at 301–02.

The *Luis* court explained the situation more fully:

> One of the many reasons that this Court cannot appoint counsel to the vast majority of pro se litigants who seek such appointments is that the Court does not have either funds from which counsel can be compensated, or a ready list of attorneys who are eager to take on such cases without compensation. Importantly, this Court has no power to appoint counsel unless counsel is also willing to serve, because § 1915(e)(1) only authorizes a "request" that an attorney represent an in forma pauperis litigant. *Mallard v. United States District Court*, 490 U.S. 296 (1989)). Congress generally provides funding for the appointment of defense counsel only in criminal cases, in which the right to counsel is secured by the Sixth Amendment of the United States Constitution. No similar right to counsel exists for an individual who voluntarily initiates a civil suit for money damages, no matter how meritorious a plaintiff may believe his or her claim to be. A small number of federal statutes, including those relating to the representation of social security claimants and some civil rights laws, provide for compensation of attorney's fees in civil cases—typically, at the conclusion of a case if a plaintiff's attorney has prevailed on the merits. However, such cases are an exception to the American rule that each side in litigation must bear his or her own litigation costs.

*Luis*, 2017 WL 432838, at *2.

This district maintains a Civil Pro Bono Panel. *See* LR 83.7. But there is a much smaller pool of attorneys who take on pro bono civil matters on behalf of indigent parties compared to the CJA panel available in the criminal context. And as explained above, the Court cannot require any attorney to take on Plaintiff's case under § 1915(e)(1). *See Luis*, 2017 WL 432838, at *2. But the Court has called lawyers and asked that they represent Plaintiff. So far, none has been able to take the case. As stated above, that statute "does not authorize coercive appointments of counsel." *Mallard*, 490 U.S. at 309. As a result, the Court cannot grant Plaintiff's motion to appoint counsel within thirty days. The Court therefore **DENIES** that

motion.  The Court respectfully **DIRECTS** the Clerk to continue to try to engage counsel to represent Plaintiff.

Plaintiff also moves to lift the stay of proceedings.  (ECF No. 100 at PageID 987.)  The Court extended Plaintiff's time to respond to the pending motion to dismiss until the Clerk engages counsel to represent Plaintiff.  (ECF No. 99.)  Plaintiff's request to lift this stay appears to be conditioned on first obtaining counsel.  In other words, Plaintiff's motion does not request to proceed with this case without counsel.  But it is unclear how long it will be before the Clerk can find counsel to represent Plaintiff.  And so if Plaintiff wishes to proceed with this case and respond to the pending motion to dismiss pro se, he may move again to lift the stay on that ground.  But for now, the Court **DENIES** Plaintiff's motion to lift stay, so that Plaintiff need not respond to the pending motion to dismiss without first obtaining representation.

**SO ORDERED**, this 26th day of May, 2022.

                                               s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE